UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00521-FDW-DCK

| | |
|---|---|
| DENISE LOCKIE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STAPLES CONTRACT AND )<br>COMMERCIAL, INC., )<br>)<br>Defendant. ) | ORDER |

**THIS MATTER** is before the Court on Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 10); Defendant's Request for Preliminary Hearing (Doc. No. 13); and Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 15). The parties have fully briefed the motions, and these matters are now ripe for disposition.

## BACKGROUND

Plaintiff filed the instant action in August 2014 in the North Carolina General Court of Justice, Mecklenburg County Superior Court. (Doc. No. 1-3). On September 19, 2014, Defendant removed the case to federal court, where it was assigned to the undersigned. (Doc. No. 1). Thereafter, with Defendant's consent, Plaintiff filed an Amended Complaint on October 6, 2014. (Doc. Nos. 7, 8). According to the Amended Complaint, Plaintiff was employed by Defendant as a regional sales manager for approximately five years. (Doc. No. 8, ¶¶ 2, 13-14). Plaintiff's employment "required her to travel frequently by airplane to meet with clients and to manage the accounts Defendant had with outside vendors." (Doc. No. 8, ¶ 15). Plaintiff contends that she carried out her work without incident until January 15, 2009, when she was a passenger on the "famous 'Miracle on the Hudson' flight … [which] was forced to crash-land in

the Hudson Bay … ."  (Doc. No. 8, ¶ 16).  Plaintiff states that, as a result of the crash, she suffered psychological trauma, a condition which ultimately caused her to file a Workers' Compensation claim in October 2012 based on the psychological trauma related to her continued work travel for Defendant.  (Doc. No. 8, ¶¶ 17, 26).  A month after filing her Workers' Compensation claim, Defendant allegedly informed Plaintiff that her job was being moved from North Carolina to New York; however, prior to the deadline for Plaintiff to accept the relocation or an alternative severance package, Plaintiff took a leave of absence, which was set to last until June 18, 2013.  (Doc. No. 8, ¶¶ 29, 31).  In early June 2013, while Plaintiff was on her leave of absence, Defendant allegedly sent a letter to Plaintiff requesting notice of her intent to return to work and her decision about the relocation, as well as an option for Plaintiff to submit a request for reasonable accommodation.  (Doc. No. 8, ¶ 33).  Plaintiff states that she promptly submitted a request for reasonable accommodation, along with a request to extend her leave of absence for an additional six months, and that she received a letter from Defendant's local human resources manager acknowledging Defendant's receipt of her request.  (Doc. No. 8, ¶¶ 33-34).  Then, on or about July 13, 2013, Plaintiff received a form letter for COBRA, which she claims to have been her first notice of the termination of her employment with Defendant.  (Doc. No. 8, ¶ 36).

Based on events that occurred during her employment with Defendant, and based on the termination of this employment, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and was issued a right to sue letter.  (Doc. No. 8, ¶ 38).

After removing the present case to federal court based on diversity and federal question jurisdiction (Doc. No. 1), Defendant filed the present motion to dismiss Plaintiff's claim for wrongful discharge in violation of North Carolina public policy, asserting that this Court lacks subject matter jurisdiction over this claim.  (Doc. No. 10).  The Court will now address this

Motion, as well as Defendant's Request for Preliminary Hearing (Doc. No. 13) and Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 15).

**DISCUSSION**

I.      **Plaintiff's Motion for Leave to File Second Amended Complaint**

In addition to allowing a party to amend its pleadings once as a matter of course, the Federal Rules of Civil Procedure ("FRCP") allow a party to amend its pleading with the opposing party's written consent or with the court's leave. See Fed. R. Civ. P. 15(a)(2). Under FRCP 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corporation v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. United States, 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182)).

In the present case, Plaintiff has amended her complaint once as a matter of course. (Doc. No. 8). Plaintiff now seeks the Court's leave to amend her Amended Complaint to alter the public policy bases for her fourth cause of action. (Doc. No. 15). Specifically, Plaintiff seeks to replace her claim based on the public policy set forth in North Carolina's Persons with Disabilities Protection Act ("NCPDPA") with the public policy set forth in North Carolina's Equal Employment Practices Act ("NCEEPA") and to assert the North Carolina Worker's Compensation Act ("NCWCA") as an additional basis for her wrongful discharge claim. (Doc. No. 15; Doc. No. 15-1, ¶¶ 58, 59). Defendant consents to Plaintiff's proposed amendment to substitute a claim based on the public policy of the NCEEPA for that of the NCPDPA but

opposes Plaintiff's request to add the NCWCA as an additional basis for her wrongful discharge claim. (Doc. No. 18).

Because FRCP 15(a)(2) allows a party to amend its pleading with the opposing party's written consent, and based on Defendant's consent to Plaintiff's motion to amend her NCPDPA claim, Plaintiff is entitled to amend this provision of her Amended Complaint – i.e., Plaintiff may amend Paragraph 58 of her Amended Complaint as provided in her Motion for Leave to File Second Amended Complaint.

However, based on the Court's finding below that Plaintiff's REDA-based claim is barred, the Court finds Plaintiff's proposed amendment to add the public policy of the NCWCA as a basis for her wrongful discharge claim to be futile. In her proposed amendment to her Amended Complaint, Plaintiff alleges that she was terminated for filing a workers' compensation claim in violation of public policy. (Doc. No. 15-1, ¶ 62). Plaintiff asserts that "the filing for workers' compensation benefits is a legally protected activity," (Doc. No. 15-1, ¶ 59), and the Court agrees. See Nguyen v. Austin Quality Foods, Inc., 974 F. Supp. 2d 879, 897 (E.D.N.C. 2013) ("The filing of a workers' compensation claim is a legally protected activity that may form the basis for a wrongful discharge claim."). Moreover, like REDA, the NCWCA is a source of policy establishing an employee's legally protected right of pursuing a workers' compensation claim. Id. (quoting Whitings v. Wolfson Casing Corp., 173 N.C. App. 218, 222, 618 S.E.2d 750, 753 (2005)).

However, while "a plaintiff may state a claim for wrongful discharge in violation of public policy where he or she alleges the dismissal resulted from an assertion of rights under the Workers' Compensation Act," id. (quoting Whitings at 221, 618 S.E.2d at 753), "Plaintiff's wrongful termination claim is dependent upon the viability of [her] REDA claim," id. (citing

Smith v. Computer Task Group, Inc., 568 F. Supp. 2d 603, 621 (M.D.N.C. 2008) (additional citation omitted)). Thus, where, as here, a plaintiff's wrongful termination claim rests on the public policy underlying REDA – "which constitutes the North Carolina General Assembly's position on worker's compensation-based retaliation" Smith at 621 (citing Salter v. E & J Healthcare, Inc., 155 N.C. App. 685, 696, 575 S.E.2d 46, 53 (2003)) – her wrongful termination claim rises or falls on the viability of her REDA-based claim. See id. (citing Johnson v. Pepperidge Farm, Inc., No. 93—1386, 1994 WL 118100, *4 (4th Cir. Apr. 4, 1994)) (additional citations omitted). Therefore, because the Court finds that Plaintiff's REDA-based wrongful discharge claim must be dismissed based on Plaintiff's failure to exhaust her administrative remedies, Plaintiff's proposed amendment to add the public policy of the NCWCA must be denied, as this claim would necessarily fail along with the dismissal of her REDA-based wrongful discharge claim.

Therefore, after careful consideration of the record and motions filed in this case, and as explained above, Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 15) is GRANTED in part and DENIED in part.

## II. Plaintiff's Claim for Wrongful Discharge in Violation of North Carolina Public Policy

### a. Standard of Review

Rule 12(b)(1) provides for dismissal of claims for lack of subject matter jurisdiction. "The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case." Johnson v. North Carolina, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012) (citing Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999)). Where the Court lacks subject matter jurisdiction over a claim, the claim must be dismissed. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

Additionally, a Rule 12(b)(6) motion should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of her claims that entitles her to relief. See Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). The complaint should not be dismissed unless it is certain that the plaintiff is not entitled to relief under any legal theory that might plausibly be suggested by the facts alleged. See Mylan Labs. Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." Wolman v. Tose, 467 F.2d 29, 33 n.5 (4th Cir. 1972). In determining whether to dismiss a complaint for failure to state a claim, a court must view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995).

  **b. Analysis**

Plaintiff's Amended Complaint alleges numerous causes of action, and Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint seeks the dismissal of Plaintiff's claim for wrongful discharge in violation of North Carolina public policy based on Defendant's assertion that this Court lacks subject matter jurisdiction over the claim. (Doc. No. 10). Defendant additionally contends that, to the extent this claim is based on an alleged violation of the public policy embodied in North Carolina's Persons with Disabilities Protection Act, the claim should be dismissed because it is time-barred. (Doc. No. 10).

As an initial matter, based on the Court's partial grant of Plaintiff's Motion for Leave to File Second Amended Complaint, Defendant's argument for dismissal of Plaintiff's fourth cause

of action based on Plaintiff's previous claim involving the public policy embodied in NCPDPA is moot. Therefore, the Court will address the other basis for Defendant's Partial Motion to Dismiss.

In Plaintiff's Amended Complaint (Doc. No. 8), Plaintiff identifies the public policy set forth in REDA as a basis for her claim for wrongful discharge in violation of public policy. (Doc. No. 15-1, ¶ 59). Defendant asserts that this Court lacks jurisdiction over Plaintiff's REDA-based claim because she did not exhaust her pre-suit administrative remedies. (Doc. No. 11, p. 1). As Defendant notes in its brief in support of its Partial Motion to Dismiss, Plaintiff has failed to exhaust her administrative remedies by filing a complaint with, and obtaining a right-to-sue letter from, the North Carolina Department of Labor ("NCDOL") prior to filing this lawsuit. (Doc. No. 11, p. 2). Plaintiff does not dispute this fact. (Doc. No. 17). The courts have made it clear that "[i]n order to bring a REDA claim an employee must follow certain procedural steps." Johnson, 905 F. Supp. 2d at 727. These steps include an initial filing of a written complaint with the Commissioner of Labor alleging the statutory violation, obtaining a right-to-sue letter, and commencing a civil action with ninety days of the letter's issuance. See id. at 727-28. Moreover, the exhaustion requirement under REDA applies to derivative REDA-based claims, such as Plaintiff's wrongful discharge claim based on the public policy found in REDA. See, e.g., Johnson, 905 F. Supp. 2d at 728 (quoting Hurth v. Bradman Lake Group Ltd., 2009 WL 2497993, at *6 (W.D.N.C. Aug. 14, 2009)) (citing Satterwhite v. Wal-Mart Stores East, L.P., No. 5:11-cv-363-BO, 2012 WL 255347, at *3 (E.D.N.C. Jan. 26, 2012)) ("Where it is undisputed that Plaintiffs have 'never filed an administrative charge with the Department of Labor, their REDA claim and derivative public policy claim are barred.'"). Thus, where the undisputed facts show

that Plaintiff never filed a complaint with the NCDOL or obtained a right-to-sue letter, her claim based on the public policy under REDA is barred.  See id.

## **CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 15) is GRANTED in part and DENIED in part.  Specifically, Plaintiff may amend Paragraph 58 of her Amended Complaint, as provided in her Motion for Leave to File Second Amended Complaint.  However, Plaintiff's request to amend Paragraph 59 of her Amended Complaint to assert the NCWCA as an additional basis for her wrongful discharge claim is denied.  Additionally, as explained above, Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 10) is GRANTED in part and DENIED in part as moot.  Finally, because the Court finds it unnecessary to conduct a hearing on Defendant's Motion, Defendant's Request for a Preliminary Hearing (Doc. No. 13) is DENIED.

IT IS SO ORDERED.

Signed: January 7, 2015

Frank D. Whitney
Chief United States District Judge