**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-521-FDW-DCK**

| | |
|---|---|
| **DENISE LOCKIE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **STAPLES CONTRACT AND** ) | |
| **COMMERCIAL, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Compel Discovery" (Document No. 23). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>grant</u> the motion in part and <u>deny</u> the motion in part.

## BACKGROUND

Plaintiff Denise Lockie ("Plaintiff" or "Lockie") initiated this action with the filing of a "Complaint" in the Superior Court of Mecklenburg County, North Carolina, on or about August 20, 2014. (Document No. 1-3). Staples Incorporated filed a "Notice Of Removal" (Document No. 1) with this Court on September 19, 2014. Plaintiff's "Amended Complaint" (Document No. 8) against Defendant Staples Contract And Commercial, Inc. ("Defendant" or "Staples") was filed on October 6, 2014. The Amended Complaint asserts causes of action for: (1) violation of the Americans with Disabilities Act; (2) violation of Title VII for wrongful discharge based on sex; (3) violation of the Age Discrimination in Employment Act; and (4) wrongful discharge in violation of public policy. (Document No. 8, pp.8-12).

The Court entered its "Case Management Order" (Document No. 16) on November 10, 2014. The Case Management Order, *inter alia*, set the following deadlines: discovery completion – May 5, 2015; ADR report – May 19, 2015; dispositive motions – June 2, 2015; and trial – September 8, 2015. (Document No. 8, p.1).

On or about March 2, 2015, Plaintiff's counsel contacted the undersigned's staff pursuant to the Case Management Order to request a telephone conference regarding a discovery dispute. See (Document No. 16, p.5). The undersigned held a telephone conference on March 5, 2015, but was unable to resolve the parties' dispute. At the end of the telephone conference, Plaintiff's counsel was advised that he could file a motion to compel, if necessary, but that many of the discovery requests in their current form were overly broad and/or vague.

"Plaintiff's Motion To Compel Discovery" (Document No. 23) was filed on March 11, 2015. The pending motion seeks "an Order compelling Defendant to **fully respond** to Interrogatories 11 and 14 and Requests for Production of Documents 11, 16, 17, and 18." (Document No. 23) (emphasis added); see also, (Document No. 24-2, pp.5-6, 13, 15-16). "Defendant's Response To Plaintiff's Motion To Compel Discovery" (Document No. 25) was filed March 30, 2015; and "Plaintiff's Reply …" (Document No. 26) was filed on April 9, 2015.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

## DISCUSSION

The undersigned was familiar with the issues in dispute based on the telephone conference held on March 5, 2015, and has carefully reviewed the briefs regarding the pending motion. As an initial matter, the undersigned observes that Plaintiff declined to serve revised discovery requests as suggested during the telephone conference. Instead, Plaintiff's motion appears to seek full responses to certain original discovery requests as drafted, and/or responses to Plaintiff's proposed "compromises." (Document Nos. 23 and 24). While the Court appreciates the parties' efforts to compromise and to narrow the issues, there remains a lack of clarity on what Plaintiff seeks, what has been agreed to, and what remains in dispute.

The undersigned will identify and briefly address each of the discovery requests (and responses) for which Plaintiff now seeks to compel a more complete response.

**Interrogatory No. 11**

> 11. Identify all candidates considered for Plaintiff's position after she was terminated, including, but not limited to: their date of

> birth; whether they were interviewed and (if so) by whom and when; whether they were an internal or external candidate; and whether they were offered the position, at what rate of pay, and if they accepted.
>
> Response: Defendant objects to this interrogatory to the extent that it requests information that is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, information regarding "all candidates considered for Plaintiff's position after she was terminated," including their dates of birth, whether they were internal or external candidates and their rate of pay, is not relevant to the claims and defenses asserted in this case. Without waiving any objection, Defendant states that an employee already covering the Tri-State area, Ramsey Ramadan, age 33, covered Plaintiff's Tri-State territory from the time of her termination until approximately August, 2014. On or about August, 2014, David Blood, age 52 was hired as an Account Executive for the Tri-State area that had been covered by Plaintiff.

(Document No. 24-2, p.5).

In support of her motion, Plaintiff argues that "[r]eplacement, like comparator, evidence can make or break an employment discrimination case." (Document No. 24, p.9) (citing <u>Salter v. Alltel Commc'ns, Inc.</u>, 407 F.Supp.2d 730, 736 (E.D.N.C. 2005). However, Plaintiff declines to mention that Defendant's response identifies Plaintiff's replacement(s), or to otherwise describe how Defendant's response is deficient. <u>Id.</u> "Plaintiff's Reply…" does not address Interrogatory No. 11; therefore, it appears Plaintiff may have abandoned this demand for additional information. (Document No. 26).

The undersigned will not require further response to this interrogatory.

**Interrogatory No. 14**

> 14. Identify all job actions issued by anyone identified in your response to Interrogatory No. 7, including but not limited to: date the job action was issued, the recipient of the job action, and the person issuing the job action.
>
> Response: Defendant objects to this interrogatory to the extent that the phrase "job actions," as defined in Plaintiff's definitions

> accompanying these interrogatories, is vague and ambiguous. Defendant objects to this interrogatory to the extent that it is overbroad, unduly burdensome and requests information not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this interrogatory is overbroad and unduly burdensome to the extent that the request is not limited in geographic or temporal scope. This request is also overbroad in that it is not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses asserted in this case and instead demands irrelevant "me too" evidence. See Sprint v. Mendelsohn, 552 U.S. 379, 387-88 (2008); Holley v. NC. Dep't of Admin., 846 F. Supp. 2d 416, 434 (E.D.N.C. 2012). Furthermore, "job actions" issued to other employees are not relevant to the claims and defenses asserted in this case.

(Document No. 24-2, p.6).

Plaintiff's brief fails to specifically address any alleged deficiency in Defendant's response, or the authority it cites. (Document No. 24, pp.6-9). The undersigned agrees that Plaintiff's original request was overly broad. See (Document No. 25, pp.4-6). Moreover, Plaintiff's proposed compromise, which seeks information regarding all discipline issued by Plaintiff's former supervisors, still appears too broad.

Despite deficiencies in Plaintiff's request and motion, the undersigned will direct Defendant to supplement its response to Interrogatory No. 14 by providing information about persons suspended or terminated between January 1, 2009 and January 1, 2015, by Plaintiff's supervisors – Correnti and Munroe – related to such persons' leave and/or relocation. Defendant should identify such persons, if any, by name, date(s) of suspension or termination, and age at time of suspension or termination -- subject to the Standing Protective Order for Civil Cases Before the Honorable Frank D. Whitney, 3:07-MC-047-FDW (Document No. 3).

**Document Request No. 11**

> 11. The personnel, employee relations, and human resources files for: Plaintiff and any other Regional Sales Managers, or like position, employed by You in the last five years; any individuals

5

> identified in Your response to Interrogatory No. 7; and any other individuals who had any of the performance problems You claim Plaintiff had.
>
> Response: Defendant objects to this request to the extent that it is overbroad, unduly burdensome and requests information not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this request is overbroad and unduly burdensome to the extent that it is not appropriately limited in time and is not limited to information related to the claims and defenses asserted in this case and would require an exhaustive search of every employee's personnel file. The personnel, employee relations and human resources files for individuals employed in the Regional Sales Manager or like position have no bearing on Plaintiff's claims of age, disability and general discrimination and wrongful discharge. Further, this request is vague as to "individuals who had any of the performance problems You claim Plaintiff had." Furthermore, this request is beyond the scope of the agreement reached by counsel for the parties, namely, that discovery of ESI would be limited to the following custodians: Plaintiff, Chris Correnti, Jeff Munroe and Mike Simons. Counsel for Defendant is willing to meet and confer with counsel for Plaintiff regarding acceptable date restrictions and search terms for ESI collected from these custodians. Without waiving any objection, Defendant refers Plaintiff to her personnel file, produced herewith and Bates numbered STAPLES (D. LOCKIE) 000252-000326.

(Document No. 24-2, p.13).

Plaintiff's discovery request is again overly broad and vague. Interestingly, both parties rely on Cason v. Builders Firstsource-Southeast Group, Inc., 159 F.Supp.2d 242, 248 (W.D.N.C. 2001) to support their position regarding this request. In Cason, the Court allowed access "to the personnel files of the two alleged harassers, who were also Plaintiff's supervisors," but declined to compel production of "the personnel files of other of Defendant's employees" unless Plaintiff could "make a specific showing as to his need for one of these employee's files." Cason, 159 F.Supp.2d at 248.

Plaintiff has not explained why Defendant's production of parts of Correnti and Munroe's files is inadequate. (Document Nos. 24 and 26). Plaintiff has also failed to make a specific showing as to her need for other employee's personnel files. Id.

The undersigned will decline to compel further action here.

**Document Request No. 16**

> 16. Any job descriptions; job postings; advertisements; correspondence with employment agencies; or other documents relating to the responsibilities, job duties, or minimum and preferred qualifications for Regional Sales Managers or like position.
>
> Response: Defendant objects to this request to the extent that it is overbroad, unduly burdensome and requests information not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this request is overbroad and unduly burdensome to the extent that it is not limited in geographic or temporal scope and is not limited to information related to the claims and defenses asserted in this case. Documents relating to all job postings for all Regional Sales Managers have no bearing on Plaintiff's claims of age, disability and general discrimination and wrongful discharge. Without waiving any objection, Defendant refers Plaintiff to the Facilities Supplies Strategic Sales Manager job description, which is produced herewith and Bates numbered STAPLES (D. LOCKIE) 000001-000002.

(Document No. 24-2, p.15).

Plaintiff contends that the information sought by this request is highly relevant to pretext, and that Defendant could have documents that show it was looking to replace Plaintiff before it learned she would need additional leave. (Document No. 24, p.10). In response, Defendant asserts that this is the first time Plaintiff has specified that this request seeks information related to the posting of her own job. (Document No. 25, p.8). Defendant also notes that Plaintiff was not a "Regional Sales Manager." Id.

The undersigned agrees with Defendant's assertion that this request does not seem to seek the information that Plaintiff now says she is hoping to discover. For example, there is no temporal

7

element at all. (Document No. 24-2, p.15). To the extent the Court should consider Plaintiff's "General Instructions," they provide that unless otherwise specified the time frame is June 1, 2008 to present. (Document No. 24-1, p.2). If Plaintiff is seeking *any* job descriptions, postings, advertisements etc. for a period of approximately seven (7) years, such a request does not seem adequately directed toward the type of information Plaintiff claims to be seeking.

In short, the undersigned finds this request too broad, and will decline to compel further action. Moreover, "Plaintiff's Reply…" does not address Document Request No. 16, therefore, it appears Plaintiff may have abandoned this demand for additional information. (Document No. 26).

**Document Request No. 17**

> 17. Any documents relating to or discussing in any way job actions issued to anyone You employed in the last ten years where any of the individuals identified in Your response to Interrogatory No. 7 were involved in the decision-making process for said job action.
>
> Response: Defendant objects to this request to the extent that it is overbroad, unduly burdensome and requests information not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this request is overbroad and unduly burdensome to the extent that it is not limited in geographic or temporal scope. This request is also overbroad in that it is not reasonably calculated to lead to the discovery of admissible evidence regarding the claims and defenses asserted in this case and instead demands irrelevant "me too" evidence. See Sprint v. Mendelsohn, 552 U.S. 379, 387-88 (2008); Holley v. NC. Dep't of Admin., 846 F. Supp. 2d 416, 434 (E.D.N.C. 2012). Documents relating to job actions issued to any of Defendant's employees in the last ten years have no bearing on Plaintiff's claims of age, disability and general discrimination and wrongful discharge. This request is also overbroad and unduly burdensome to the extent that it is beyond the scope of the agreement previously reached by counsel for the parties, namely, that discovery of ESI would be limited to the following custodians: Plaintiff, Chris Correnti, Jeff Munroe and Mike Simons. Counsel for Defendant is willing to meet and confer with counsel for Plaintiff regarding acceptable date restrictions and

> search terms for ESI collected from these custodians. Without waiving any objection, Defendant refers Plaintiff to documents in her own personnel file, which is produced herewith and Bates numbered STAPLES (D. LOCKIE) 000252-000326.

(Document No. 24-2, p.15).

The undersigned also finds this request, as well as Plaintiff's proposed compromise, to be overly broad. See (Document No. 24, p.7; Document No. 26, p.5). The Court will decline to compel further action regarding this request; however, Defendant shall provide documents related to and/or supporting its response to Interrogatory No. 14 as directed above.

**Document Request No. 18**

> 18. Any documents relating to any relocations of other Regional Sales Managers.
>
> Response: Defendant objects to this request to the extent that it is overbroad, unduly burdensome and requests information not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this request is overbroad and unduly burdensome to the extent that it is not limited in geographic or temporal scope and is not limited to decisions made by individuals identified as the decision makers in this case. Documents relating to relocation of any Regional Sales Manager have no bearing on Plaintiffs claims of age, disability and general discrimination and wrongful discharge. This request is also overbroad and unduly burdensome to the extent that it is beyond the scope of the agreement previously reached by counsel for the parties, namely, that discovery of ESI would be limited to the following custodians: Plaintiff, Chris Correnti, Jeff Munroe and Mike Simons. Counsel for Defendant is willing to meet and confer with counsel for Plaintiff regarding acceptable date restrictions and search terms for ESI collected from these custodians.

(Document No. 24-2, p.16).

The undersigned observes that Plaintiff's motion fails to address any alleged inadequacy in Defendant's response above, and lacks any proposed narrowing or "compromise" related to this request. Moreover, "Defendant's Response…" provides a full explanation for Defendant's

position, but "Plaintiff's Reply…" again declines to make any argument or provide supporting authority.

As such, the undersigned will decline to compel further action regarding this request.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Plaintiff's Motion To Compel Discovery" (Document No. 23) is **GRANTED in part, and DENIED in part**, as described herein.

**IT IS FURTHER ORDERED** that Defendant shall supplement its responses as directed above, on or before **May 14, 2015**.

**SO ORDERED**.

Signed: April 29, 2015

David C. Keesler
United States Magistrate Judge